898 F.2d 154
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Isaac LYONS, Plaintiff-Appellant,
v.
Herman C. DAVIS; Wayne Douglas; State of Tennessee; Terry
Richards; John M. Spiller; James T. Land; Donna
Benjamin, Defendants-Appellees.
 No. 89-5896.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Isaac Lyons, a pro se Tennessee prisoner, appeals the district court's summary judgment dismissal of his amended civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983, 1985 and 1986. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On March 6, 1986 while an inmate at the Fort Pillow Prison, Lyons was issued a misconduct report for possession of contraband and drugs. On March 13, 1986, a disciplinary hearing was conducted by defendants Richards, Spiller and Benjamin. During the hearing, Lyons was represented by an inmate advisor, testified in his own behalf and was allowed to call witnesses. The hearing board found him guilty of the charges and sentenced him to thirty days punitive segregation. On April 14, 1986, Lyons appeared before the Administrative Segregation Placement Board where he was notified that after his release from punitive segregation he would be placed in involuntary administrative segregation because he had an incompatible in the general prison population.
 
 
 3
 Thereafter, seeking monetary and injunctive relief, Lyons filed his original complaint against defendants Douglas and Davis alleging that he received no medical care for his heart condition while he was confined in punitive segregation. Lyons later filed his amended complaint against the remaining defendants arguing that he was denied due process in his placements in both punitive and involuntary segregation.
 
 
 4
 The district court granted defendants' motion for summary judgment finding that defendants were not deliberately indifferent to plaintiff's medical needs and that there was no due process violation in either of his placements in segregation. The court later denied Lyons's motion to alter or amend the judgment filed pursuant to Fed.R.Civ.P. 59(e) finding that the original dismissal was correct as a matter of law.
 
 
 5
 Upon review, we affirm the district court's judgment as there was no genuine issue of material fact and the defendants were entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). After the hearing on March 13, 1986, the disciplinary board found him guilty of the charges, and provided him with a written statement setting forth the evidence relied upon and the punishment imposed. Thereafter, Lyons received a copy of the involuntary administrative placement report, which he refused to sign. Lyons then appeared before the Board and was allowed to present his side of the story prior to his placement in involuntary administrative segregation. Under these circumstances, we conclude that the procedures utilized were sufficient to protect Lyons's due process rights. See Hewitt v. Helms, 459 U.S. 460, 472 (1983); Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).
 
 
 6
 Finally, Lyons's allegation that he received no medical attention while in punitive segregation is refuted by the record. In support of their motion for summary judgment, defendants submitted Lyons's medical records for the time period in question. These records indicate that Lyons received medical attention, and in fact was closely monitored because he had been spitting up blood. We conclude that defendants were not deliberately indifferent to Lyons's medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.